DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1911.

---

### The People of the State of Illinois, ex rel. Otto Frell-sen, Appellee, v. L. J. Johnson, Appellant.

### Gen. No. 5428.

DRAM-SHOPS—*what petition requesting submission of proposition to voters in compliance with law.* Held, that the following petition requesting the submission of the proposition as to whether the town in question should continue to be anti-saloon, was a compliance with the law.

"The undersigned, resident and legal voters of the town of St. Charles in the county and state aforesaid, respectfully petition that you cause to be submitted in the manner provided by law to the voters thereof at the next election, the proposition 'Shall this town continue to be anti-saloon territory?'"

Mandamus. Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

H. L. SHELDON, for appellant.

ALDRICH & WORCESTER and F. W. HARTSBURG, for appellee.

PER CURIAM. The town of St. Charles in Kane county became anti-saloon territory in May, 1908, by an election held in accordance with the provisions of the Anti-Saloon Act of 1907. On February 3, 1910, there was filed with L. J. Johnson, the appellant, then acting as town clerk of the town of St. Charles, a certain petition, the heading and preamble of which read as follows:

"To the Town Clerk of the Town of St. Charles in the County of Kane, State of Illinois:

"The undersigned, resident and legal voters of the town of St. Charles in the county and state aforesaid, respectfully petition that you cause to be submitted in the manner provided by law, to the voters thereof at the next election, the proposition 'Shall this town continue to be Anti-Saloon Territory?'"

Appellant, the town clerk, refused to submit the proposition to the people at an election, on the ground that the petition, in form and substance, did not comply with the law. Thereupon one Otto Frellsen caused a petition for a writ of *mandamus* to compel the town clerk to print the proposition upon the regular ballot and submit it to the people at the town election to be held on April 5, 1910, to be filed in the Circuit Court of Kane county on March 28, 1910, and on the 2nd of April, 1910, three days before the town election, the defendant filed a general demurrer to said petition for *mandamus*. The demurrer was overruled, defendant elected to stand by his demurrer, a judgment was entered awarding a peremptory writ of *mandamus* against defendant and that he pay the costs, and from that judgment defendant below appeals, perfecting his appeal the day before the election in question.

That part of the Anti-Saloon Territory Act which applies to the questions here raised is as follows: "Section 8. All the territory within any political subdivision which has become Anti-Saloon Territory shall continue to be Anti-Saloon Territory throughout its entire extent, notwithstanding any change that may be made in the limits of any such political subdivision, until the legal voters thereof have voted, according to the provisions of this Act, to discontinue such Anti-Saloon Territory, and the following section shall be construed in harmony herewith.  *  *  *

"Section 9. Upon the filing in the office of the clerk, at least sixty days before an election in any political subdivision, of a petition directed to such clerk, containing the signatures of legal voters of an Anti-Saloon

Territory or district, in number not less than one-fourth of the total vote cast therein at the last election, to submit to the voters thereof the proposition 'Shall this ............ (political subdivision or district) continue to be Anti-Saloon Territory?' (provided such petition corresponds in all other respects with the petition in this Act before described) such proposition shall be submitted at such election to the voters of such political subdivision or district and the provisions of sections one (1), four (4), five (5), six (6) and seven (7) of this Act shall apply in all respects, so far as applicable, to the proposition 'Shall this .............. (political subdivision or district) continue to be Anti-Saloon Territory?' to the submission of such proposition to such voters, to the petition therefor, to the recording of the vote thereon and to the proof and evidence of the petition and vote, except that in a district such proposition shall be submitted by separate ballot.      *      *      *''

Appellant contends that the court below erred in overruling the demurrer to the petition and also in awarding the writ of *mandamus,* and, as grounds for these contentions, insists that the petition filed with the Town Clerk was defective in two respects. The first respect is which said petition is alleged to have been defective and not in compliance with the law is in its stating the proposition to be submitted thus: "Shall this *Town* continue to be Anti-Saloon Territory?" Appellant contends that, in compliance with the law above quoted, that proposition should have been thus stated in the petition: "Shall this Political Subdivision continue to be Anti-Saloon Territory?" or "Shall this District continue to be Anti-Saloon Territory?" We are of opinion that this contention is not well founded. Section One of the Anti-Saloon Act provides that "In the phrase, 'Shall this .......... become Anti-Saloon Territory?' the proper word, whether 'town,' 'precinct,' 'city,' or 'village,' shall be understood to be inserted in the blank, and the same

shall be inserted in the petitions filed by and the ballots prepared for the voters of any town, precinct, city or village," while Section Nine of the same Act, in providing the *modus operandi* of changing any territory from "dry" back to "wet" expressly states that "the provisions of sections 1 * * * shall apply in all respects, so far as applicable, to the proposition 'Shall this ........... (political subdivision or district) continue to be anti-saloon territory?' to the submission of such proposition to such voters, to the petition therefor," etc. When the provisions of section One of the Act are considered with those of Section Nine, it becomes clear that the use of the phrase "political subdivision or district" in the statement of the proposition thus: "Shall this .......... (political subdivision or district) continue to be anti-saloon territory?" was intended by the legislature to indicate that the proper designation of the political subdivision, such as "town," "precinct," etc., should be inserted in the blank there left.

The second respect in which it is contended by appellant that the petition to the Town Clerk was defective is that it did not show on its face that the political subdivision wherein the question was to be submitted had the same boundaries as the political subdivision which had been made anti-saloon territory in the election of 1908. We do not consider that the petition left unstated any essential fact in regard to the territory in which the question was to be submitted. The petition asked that the question be submitted to the voters of "the town of St. Charles." The boundaries and location of that town were well known, as well known in 1910 as in 1908, and especially to the town clerk to whom the petition was addressed, for he was the keeper of the town records and any change in the boundaries and location of the town of St. Charles since 1908 would inevitably have been brought to his attention as an officer of the town. But, aside from that, no answer was filed by the defendant set-

ting up any change in the boundaries of that town; no presumption could be indulged in that there had been any such change; and the presumption must naturally follow that there had been no such change. We consider that the petition was properly drawn and filed with the town clerk, that the writ of *mandamus* was properly awarded and that it should have been obeyed.

The judgment is therefore affirmed.

*Affirmed.*